IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

---

**TJM 64, INC., RAB MEMPHIS, LLC, and LBOE, INC.,**

   **Plaintiffs,**

v.               **No.**

**ADMINISTRATOR OF THE SMALL BUSINESS ADMINISTRATION, ISABELLA CASILLAS GUZMAN, and THE US SMALL BUSINESS ADMINISTRATION**

   **Defendants.**

---

**COMPLAINT**

---

**COMES NOW,** Plaintiffs TJM 64 Inc., RAB Memphis, LLC, and LBOE Inc., by and through counsel, and would state to the Court as follows:

### I. INTRODUCTION

1. "The Constitution created a government dedicated to equal justice under law."[1] The government may not frustrate this principle of equality by making "distinctions between individuals based solely on differences that are irrelevant to a legitimate governmental objective."[2] Whether it be discrimination based on race or gender, "unreasonable discrimination" by the government is never permitted.[3]

2. In March 2021, the United States pushed aside equality under the law by enacting a grant program that gives special treatment based on race and gender. Under Section 5003 of the

---

[1] *Cooper v. Aaron*, 358 U.S. 1, 19 (1958).
[2] *Lehr v. Robertson*, 463 U.S. 248, 265 (1983).
[3] *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954).

1

American Rescue Plan Act of 2021 ("ARPA"), Congress appropriated $28.6 billion to create the Restaurant Revitalization Fund to be administered by Defendant, who runs the Small Business Administration (SBA). This fund provides relief for restaurants impacted by the COVID-19 pandemic. Under the terms of the law, however, Defendants must administer the fund in a discriminatory manner. For the first 21 days, which started May 3, 2021, Defendants were obligated to "prioritize awarding grants" to restaurants owned by minorities and women.

3. To implement this discriminatory mandate, Defendants adopted a first come, first-serve queue to process grant requests until the money ran out, but then re-sorted applicants within the queue based on their race and gender, putting white male restaurant owners behind any minority or female applicants, regardless of when they filed an application. Given the limited pot of funds, this created the effect that white male applicants were put at the end of the line, their applications held, giving time for later filed minority and female applications to be processed, and the grant funds were depleted by the time the applications of white male applicants were processed.

4. Lee Adams ("Adams"), a white male, is the owner of TJM 64, Inc., RAB Memphis, LLC, and LBOE, Inc. ("Plaintiffs"), all located in Shelby County, Tennessee. The Plaintiffs were not eligible for priority treatment solely because each are owned by a white male. Adams immediately applied for a grant on the first day the application opened, but because of his race and gender, his application was not processed before all the funds had been depleted.

5. Defendants have no justification for granting these priorities and discriminating based on race and gender. Therefore, the program is unconstitutional, and the Plaintiff has suffered damages by these unconstitutional acts.

## II.     THE PARTIES

6. TJM 64, Inc., is a domestic corporation, organized and with its principal place of business in Shelby County, Tennessee, and is owned by Lee Adams.

7. RAB Memphis, LLC is a domestic corporation, organized and with its principal place of business in Shelby County, Tennessee, and is owned by Lee Adams.

8. LBOE Inc., is a domestic corporation, organized and with its principal place of business in Shelby County, Tennessee, and is owned by Lee Adams.

9. Defendant Isabella Casillas Guzman is the Administrator of SBA. Under Section 5003 of ARPA, Defendant Guzman is responsible for administering the Restaurant Revitalization Fund. She is sued in her official capacity.

## III.     JURISDICTION AND VENUE

10. This Court has jurisdiction over this complaint under 28 U.S.C. § 1331, § 2201, and 5 U.S.C. § 702, because this case presents a substantial question of federal law, specifically whether Section 5003 of ARPA—and Defendant's implementation of that section—violates the United States Constitution's guarantee of equal protection of the laws.

11. This Court has authority to issue a judgment and to order compensatory damages and other such relief that is necessary and proper pursuant to a *Bivens* Claim.[4]

12. Venue is appropriate in this district under 28 U.S.C. § 1391(e)(1). A substantial part of the events giving rise to this claim occurred in this district and a substantial part of the property subject to this action is situated in this district.

---

[4] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971); See too, *Davis v. Passman*, 442 U.S. 228, 248–49 (1979) (Wherein, the Supreme Court endorsed a damages remedy for constitutional violation by federal actors involving a claim for violation of the Equal Protection Clause of the Fifth Amendment, when a Congressman fired an administrative assistant based on her gender).

## IV.  STATEMENT OF CLAIM

13. On March 11, 2021, the President of the United States signed ARPA into law.

14. Through Section 5003 of ARPA, Congress appropriated $28.6 billion for the Restaurant Revitalization Fund, to be administered by Defendant, who is the Administrator of SBA. ARPA provides that the "Administer shall use amounts in the Fund to make grants" to restaurants that require grant support due to "the uncertainty of current economic conditions."

15. Section 5003(c)(3) of ARPA provides a priority to certain applicants: "During the initial 21-day period in which the Administrator awards grants under this subsection, the Administrator shall prioritize awarding grants to eligible entities that are small business concerns owned and controlled by women, [veterans], or socially and economically disadvantaged small business concerns."

16. ARPA incorporates another federal law called the Small Business Act, which provides that "[s]ocially disadvantaged individuals are those who have been subjected to racial or ethnic prejudice or cultural bias because of their identity as a member of a group without regard to their individual qualities." 15 U.S.C. § 637(a)(4)(A).

17. SBA regulations further define "socially disadvantaged individuals" and "economically disadvantaged individuals" as those individuals who belong to certain racial groups. 13 C.F.R. §§ 124.103, .104. To fit into these groups, individuals must be a member of one of the following groups: "Black Americans; Hispanic Americans; Native Americans (including Alaska Natives and Native Hawaiians); Asian Pacific Americans; or Subcontinent Asian Americans."

18. Adams is not a member of any of the racial or ethnic groups identified in 13 C.F.R. § 124.103 or any other group identified by Defendant as "socially disadvantaged" or "economically disadvantaged."

19. Adams and TJM were eligible for a grant under the Restaurant Revitalization Fund, except they were not eligible for priority consideration because Adams is a white male.

20. On April 30, 2021, SBA sent out an email to restaurants detailing to process for the Restaurant Revitalization Fund. The email included the following information: "All businesses can and should apply on Monday. Due to limited funds and the first-come, first-served basis, the earliest possible submission of your application is the best way to maximize your chance of receiving the grant. The law mandates a 21-day priority window for businesses owned and controlled by women, veterans, and socially and economically disadvantaged individuals. The SBA has indicated it will fund those applications first, as required."

21. On May 3, 2021, the first moment applications could be submitted, Adams applied for a grant under the Restaurant Revitalization Fund at restaurant.sba.gov. During the application process, SBA notified Adams that the "SBA will accept applications from all eligible applicants, but only process and fund priority group applications." The website continued that priority applicants include businesses owned by "women, veterans, or socially and economically disadvantaged individuals." SBA's website further explains that "socially disadvantaged individuals" and "economically disadvantaged individuals" must be "a member of a group" that has "been subjected to racial or ethnic prejudice or cultural bias."

22. Adams applied for the grant and chose "white" as his race, and "male" as his gender, which means his application was immediately pushed to the back of the queue behind minority applicants and women.

23. Adams would be "economically disadvantaged" were it not for the racial classification in that definition.

24. On May 4, 2021, SBA sent Adams an email explaining that because he is a white male, he will not have the same privileges as other non-white and female restaurant owners: "As outlined by Congress, the SBA will focus their reviews on the priority applications that have been submitted. Applicants who have submitted a non-priority application will find their applications remain in a Review status while the priority applications are processed during the first 21 days. Applicants in this status should not anticipate any outreach from the SBA during this period."

25. On May 7, 2021, SBA sent Adams an email stating that the SBA received 186,200 applications in the first two days. The email goes on to explain that 46,400 applications were from women and 30,800 applications were from minority restaurant owners.

26. Plaintiffs are harmed in multiple ways. First, they were pushed to the back of the line, regardless of when they applied, for a limited fund that ran out before their application was processed. Second, Plaintiffs are harmed by being treated differently, because of the race and gender of Adams, during the application process for a grant under the Restaurant Revitalization Fund program.

## V. CAUSE OF ACTION

### EQUAL PROTECTION VIOLATION

27. Plaintiffs reallege and incorporate by reference the averments set forth above as if fully set forth herein.

28. The Constitution forbids "discrimination by the general government . . . against any citizen because of his race."[5]

29. Gender discrimination is also unconstitutional. Courts "carefully inspect official action that closes a door or denies opportunity to women (or to men)."[6]

30. "The liberty protected by the Fifth Amendment's Due Process Clause contains within it the prohibition against denying to any person the equal protection of the laws."[7]

31. "[A]ll racial classifications imposed by government must be analyzed by a reviewing court under strict scrutiny."[8] "Under strict scrutiny, the government has the burden of proving that racial classifications are narrowly tailored measures that further compelling governmental interests."[9]

32. When gender discrimination is employed, the burden "rests entirely" on the government to offer an "exceedingly persuasive" justification, and to prove that the "the discriminatory means employed are substantially related to the achievement of those objectives."[10]

33. Section 5003 of ARPA imposes racial classifications and grants a benefit—priority consideration—based on those racial classifications.

34. Section 5003 of ARPA likewise uses gender discrimination as a method of distributing funds through a gender-based priority consideration.

35. Adams, a white male is constitutionally entitled to Equal Protection.

36. Defendant is responsible for interpreting and implementing Section 5003 of ARPA and acted under color of federal authority to violate Plaintiff's right to Equal Protection.

---

[5] *Gibson v. State of Mississippi*, 162 U.S. 565, 591 (1896).
[6] *United States v. Virginia*, 518 U.S. 515, 532 (1996).
[7] *United States v. Windsor*, 570 U.S. 744, 774 (2013).
[8] *Johnson v. California*, 543 U.S. 499, 505 (2005) (citation omitted).
[9] *Johnson v. California*, 543 U.S. 499, 505 (2005) (citation omitted).
[10] *Virginia*, 518 U.S. at 532 (citations omitted).

37. Although Plaintiffs suffered from the COVID-19 pandemic and are otherwise eligible for a grant under the Restaurant Revitalization Fund, Plaintiffs are ineligible for priority consideration, and instead, are pushed to the back of the line, only because Adams is a white male.

38. Plaintiffs applied for a grant under Section 5003 of ARPA and were denied priority consideration, and eventually any grant funds whatsoever because Adams is a white male.

39. The racial classifications under Section 5003 of ARPA are unconstitutional because they violate the Equal Protection and Due Process guarantees in the United States Constitution. These racial classifications under Section 5003 of ARPA are not narrowly tailored to serve a compelling government interest.

40. The gender-based classification under Section 5003 of ARPA is unconstitutional because it violates the Equal Protection and Due Process guarantees in the United States Constitution. This gender-based classification is not supported by an exceedingly persuasive objective, and the discriminatory means employed are not substantially related to the achievement of that objective.

## VI.    RELIEF REQUESTED

Plaintiffs respectfully request that this Court award the Plaintiffs:

A. Compensatory Damages in the amount not to exceed $2,500,000.00.

B. Attorney's Fees, if applicable, and costs.

C. Pre and post judgment interest; and,

D. Such other and further relief as this Court deems proper and in the interest of justice.

Respectfully submitted,

s/Randall N. Songstad
Randall N. Songstad (18442)
*Attorney for Plaintiffs*
254 Court Ave., Ste. 213
Memphis, TN 38103
(901) 870-5500
randy@songstadlawfirm.com